1  THOMAS R. PARKER, County Counsel  SBN 114835
   DOUGLAS L. LOSAK, Deputy SBN 220443
2  Office of the County Counsel
   County of Mendocino - Administration Center
3  501 Low Gap Road, Room 1030
   Ukiah, CA  95482
4  Telephone:  (707) 234-6885
   Facsimile:   (707) 463-4592
5  losakd@co.mendocino.ca.us

6  Attorneys for Defendant
   COUNTY OF MENDOCINO
7

8  Jack Silver, Esq. SB# 160575
   Law Office of Jack Silver
9  Jerry Bernhaut, Esq. SB# 206264
   Post Office Box 5469
10 Santa Rosa, CA 95402-5469
   Tel. (707) 528-8175
11 Fax: (707) 542-7139
   lhm28843@sbcglobal.net
12
   Attorneys for Plaintiff
13 CALIFORNIA RIVER WATCH

14

15                 UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17

18  CALIFORNIA RIVER WATCH, a            Case No.: 3:13-cv-01087 CRB
    501(c)(3),non-profit, public benefit
19  Corporation,                         [PROPOSED] CONSENT DECREE AND
                                         ORDER
20                       Plaintiff,
                                         COMPLAINT FILED:   March 8, 2013
    v.
21                                        Honorable Charles R. Breyer
    COUNTY OF MENDOCINO,                  U.S. District Court Judge
22                       Defendants.
                      _____/
23

24  //

25  //

26

27  CV 13-1087 CRB
    [Proposed] Consent Decree and Order
28                                            1

**RECITALS**

A.   Defendant County of Mendocino ("County") is a municipal discharger under CWA § 402(p) and as such must operate under a municipal stormwater permit - CWA § 402(p)(3)(B), 33 U.S.C. §1342(p)(3)(B). The County's operations are located within the watershed basin of the Russian and Noyo Rivers, waters of the United States.

B.   Plaintiff California River Watch ("River Watch") has filed this action pursuant to Clean Water Act 33, U.S.C. §1251 et. seq., specifically 33 U.S.C. §1311, 33 U.S.C. §1342, AND 33 U.S.C. 1365, alleging that the County has violated and is continuing to violate the NPDES Permit in various respects.

C.   River Watch and the County ("the "Parties") have consented to the entry of this Consent Decree and Order without trial of any issues, and hereby stipulate that, in order to settle the claims alleged against the County in River Watch's complaint, and to avoid the delays and expenses of litigation, this Consent Decree should be entered. This Consent Decree constitutes a settlement of disputed claims. It is not an admission of jurisdiction or the validity of River Watch's allegations. Should this proposed Consent Decree fail to be entered for any reason, this proposed Consent Decree, and any statement or other provision contained in this proposed Consent Decree shall have no legal effect and shall not be used for any purpose in any subsequent proceeding in this or any other litigation.

**CONSENT DECREE**

The Court having considered the representations of the Parties, and after opportunity for comment by the United States pursuant to 33 U.S.C. § 1365(c)(3) and 40 C.F.R. §135.5(a) having determined that entry of this Decree is in the public interest, NOW THEREFORE, before taking any testimony, and without any adjudication of any fact or law, it is hereby ORDERED, ADJUDGED and DECREED as follows:

//

//

CV 13-1087 CRB
[Proposed] Consent Decree and Order

2

# I. JURISDICTION

1.  The Parties agree that this Court has jurisdiction over the subject matter and the Parties in this action pursuant to Section 505 of the Act, 33 U.S.C. § 1365.

2.  Venue is proper in this Northern District of California pursuant to Section 505(c)(1) of the Act, 33 U.S.C. § 1365(c)(1), because this is the judicial district in which the County is located.

## II.  APPLICABILITY AND BINDING EFFECT

3.  This Consent Decree shall apply to and be binding upon River Watch and its members, and the County, and its elected officials, and both of their officers, employees, contractors, subcontractors, consultants, agents, assigns and volunteers and each and every one of them acting under their direction and/or control. To the extent that federal law (including federal principles of *res judicata*) allows, this Consent Decree shall also be found binding upon other private parties who may hereafter file a citizen suit against the County for alleged violations of the Clean Water Act that have been alleged in this action. However, This Consent Decree shall not be construed to limit the authority of the United States under Section 309 of the Act, 33 U.S.C. § 1319, or of the RWQCB under California law.

## III.  AGREED TERMS OF COUNTY'S COMPLIANCE WITH ITS
## STORM WATER PERMIT

4.  The County agrees to complete 70 percent of data collection necessary to complete a map as required under the second NPDES Phase II permit (issued 2013) showing the outfall locations for all storm water and U.S. waters that receive discharge from these outfalls by July 31, 2014 and to complete the mapping no later than December 2015.

5.  The County will begin dry weather sampling of the five points where the County road crosses the water of the Russian River, (which would be ten tests, one on each side of the river at each location), no later than June 30, 2014. The County will complete this initial dry weather sampling regime no later than July 31, 2014. After that, the County will

CV 13-1087 CRB
[Proposed] Consent Decree and Order

3

1    conduct dry weather sampling as required by the second NPDES Phase II storm water

2    permit.

3  6.  The sampling shall consist of testing for PH and turbidity until July 31, 2015 when

4    sampling will be done in accordance with the second NPDES Phase II permit (issued

5    2013).

6  7.  The County will develop and implement procedures for construction site plan review by

7    no later than three (3) months from the Effective Date of this Agreement, using the

8    currently adopted SUSMP. The County will submit the procedures to River Watch

9    concurrently with submitting the procedures to the RWQCB as part of a progress report

10    or in any other format. The County is not required to modify or change its proposed

11    procedures based on River Watch's comments/suggestions.

12  8.  The County will develop and implement procedures for construction site inspections and

13    enforcement of control measures no later than June 30, 2014. The County will also ensure

14    that relevant staff has received appropriate  training. The County will submit the

15    procedures to River Watch concurrently with  submitting the procedures to the RWQCB

16    as part of a progress report or in any  other format. The County is not required to modify

17    or change its proposed procedures based on River Watch's  comments/suggestions.

18  9.  The County will implement policies and procedures for maintenance of the County

19    General Services Corporation Yard and the County Transportation Yards by no later than

20    June 30, 2014 . The County will submit the procedures to River Watch concurrently with

21    submitting the procedures to the RWQCB as part of a progress report or in any other

22    format. The County is not required to modify or change its proposed procedures based on

23    River Watch's comments/suggestions. The County will also develop a Facility Pollution

24    Prevention Program for the General Services Corporation Yard and Department of

25    Transportation Yard no later than June 30, 2017.

26  10.  The County will develop, implement and enforce a program to control storm water runoff

27  CV 13-1087 CRB
   [Proposed] Consent Decree and Order

28                                         4

from new development and redevelopment by a date agreed upon between the County and the Regional Water Quality Control Board, using the SUSMP standards currently adopted by the County and/or language from the County's Stormwater Ordinance where applicable. The County will submit the procedures to River Watch concurrently with submitting the procedures to the RWQCB as part of a progress report or in any other format. The County is not required to modify or change its proposed procedures based on River Watch's comments/suggestions.

11. The County agrees that beginning in July 2015, it will analyze the 2011 SUSMP adopted by Santa Rosa and other municipalities with a view toward revising the County's current SUSMP standards. By no later than October 1, 2015 the County will submit a proposed revised SUSMP to River Watch. The County is not required to modify or change its proposed procedures based on River Watch's comments/suggestions.

12. The County will then draft and submit the revised SUSMP to the North Coast Regional Water Quality Control Board for review and comment. The County will then submit the proposed changes to the County's Board of Supervisors through its legislative process for the Board's and the public's review, and possible adoption of the proposed changes by the Board. County staff shall recommend in good faith that the Board of Supervisors adopt the proposed revisions based on the review and comments of the North Coast Regional Water Quality Control Board. The above process for reviewing and submitting proposed changes to the SUSMP shall be completed no later than January 31, 2016.

13. Separate from, and in addition to any other limitations on the County's obligations under this Consent Decree, the County's obligation to comply with one or more of the provisions of this Consent Decree shall be deferred to the extent and for the duration that the delay in compliance is caused by an event or circumstances beyond the reasonable control of the County and that could not have been reasonably foreseen and prevented by the exercise of due diligence by the County. Delays solely caused by unanticipated or

1  increased costs or expenses associated with the completion of any work or activity under

2  this Consent Decree, changed financial circumstances, or the County's failure to make

3  timely and bona fide applications and to exercise diligent efforts to obtain permits, shall

4  not be considered to be circumstances beyond the County's control.

## IV. SETTLEMENT AND RELEASE OF CLAIMS

14.  Upon the entry of this Consent Decree, River Watch, on behalf of itself and its members, successors, and assigns, agrees that it releases, acquits, and forever discharges the County, and its employees, officials, officers, volunteers, successors and assigns, from all Clean Water Act claims, rights, liabilities, and causes of action, known or unknown, based upon the claims alleged under the Clean Water Act in River Watch's Notice of Intent or the Complaint in this lawsuit that occurred at any time up to and including the effective date of this Consent Decree and for four (4) years thereafter.

15.  All Parties acknowledge and agree that this release applies to all claims in existence at the time of execution of this Consent Decree that any party may have against any other party arising out of the operation of the County's Storm Water System and its compliance with its NPDES permit, except any obligations arising under the terms of this Consent Decree.

16.  The Parties acknowledge that they are familiar with Section 1542 of the California Civil Code. Each party expressly waives and relinquishes any rights and benefits which they have or may have under Section 1542 of the Civil Code of the State of California, which provides:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release which if known by him or her must have materially affected his or her settlement with the debtor."

17.  The releases set forth in this Consent Decree are not conditioned upon timely compliance by the County with obligations under Paragraphs 4 though 14 of this Consent Decree, and River Watch agrees that its exclusive remedies for a breach of this Consent Decree by the

CV 13-1087 CRB
[Proposed] Consent Decree and Order

6

1    County shall be to move the Court for specific performance, contempt and any other

2    remedies available under law.

3  18.  In further consideration of the County's agreement to enter into this Consent Decree, River

4    Watch, for itself, and its members, officers, employees, contractors, subcontractors,

5    consultants, agents, assigns and volunteers and each and every one of them acting under

6    River Watch's direction and/or control, covenants and agrees not to sue or take any other

7    steps to enforce any claims, rights, liabilities, or causes of action released hereby.

8    Furthermore, River Watch, for itself and its members, successors, assigns, officers,

9    employees, contractors, subcontractors, consultants, agents and volunteers and each and

10   all persons acting in concert or participating with them, are restrained and enjoined from

11   prosecuting any citizen's suit arising out of any violations of the Clean Water Act

12   committed by the County during the four (4) year period from the effective date of this

13   Consent Decree. River Watch's sole remedy against the County during this period shall be

14   limited to enforcement of this Consent Decree by motion for court order. River Watch

15   further covenants and agrees that, at least sixty (60) days before filing any such motion

16   with the Court, it shall notify the County in writing of what actions or inactions by the

17   County it deems to be in violation of this Consent Decree. Thereafter, the Parties will meet

18   and confer in a good faith attempt to resolve their disputes hereunder. If the Parties cannot

19   informally resolve the dispute, they will make a good faith effort to mediate the case under

20   the ADR Rules of the Northern District of California prior to the filing of any motion to

21   enforce this Consent Decree. The auspices of the ADR office of this Court may be used

22   to effectuate such mediation. In the event that the County thereafter corrects the action or

23   inaction that River Watch contends constitutes a violation of this Consent Decree within

24   sixty (60) days, no motion shall be made to the court by either party.

25  19.  River Watch covenants and agrees not to cause any third party to commence a citizen's

26   suit against the County under the Clean Water Act for any permit violations that occurred

27   CV 13-1087 CRB
     [Proposed] Consent Decree and Order

28                                                    7

1  prior to the effective of this Consent Decree or for a period of four (4) years from the

2  effective date of this Consent Decree.

3  20.  This Consent Decree does not limit or affect the rights of the County as to any  persons

4  not parties to this Consent Decree.

5  21.  Execution of this Consent Decree does not preclude the County from asserting any legal

6  or factual position in any action brought by any person or entity not a party to this Consent

7  Decree.

8  22.  Neither this Consent Decree nor the action taken hereunder shall constitute an admission

9  by the County of liability for any violation of the Clean Water Act or applicable California

10  law regarding any of the matters referenced in this Consent Decree.

11  ### V. ATTORNEY'S FEES AND COSTS

12  23.  Within fifteen (15) days of entry of the Consent Decree by the Court, the County shall pay

13  River Watch the sum of $40,000.00 in full satisfaction of all claims by River Watch for

14  attorneys' fees and costs incurred in this action. The County's check or warrant shall be

15  made payable to California River Watch and mailed to the Law Office of Jack Silver, P.O.

16  Box 5469, Santa Rosa, CA 95402-5469.

17  24.  Except as stated in paragraph 23 above, each Party shall bear its own attorneys' fees, costs

18  and expenses.

19  ### VI. NOTICE TO THE FEDERAL GOVERNMENT

20  25.  The Parties acknowledge and agree that entry of this Consent Decree is subject to the

21  requirements of Section 505(c)(3) of the Act, 33 U.S.C. § 1365(c)(3), which provides that

22  "[n]o consent judgment shall be entered in an action in which the United States is not a

23  party prior to 45 days following receipt of a copy of the proposed consent judgment by the

24  Attorney General and the [EPA] Administrator." Within five (5) business days following

25  the Parties' execution of this document, the County shall serve copies upon the EPA

26  Administrator, the Attorney General and the Regional Administrator of EPA Region IX

27  CV 13-1087 CRB
   [Proposed] Consent Decree and Order

28                                                        8

1    in San Francisco, in accordance with 40 C.F.R. § 135.5(a).

2

3                          **VII. GENERAL PROVISIONS**

4    26.   All reports, notices or other written communications required to be submitted under this

5          Consent Decree shall be sent to the respective Parties at the following addresses:

6    a.    To County of Mendocino:      Douglas L. Losak,
                                         Chief Deputy County Counsel, Mendocino County
7                                        501 Low Gap Road, Room 1030
                                         Ukiah, CA 95482
8                                        Telephone (707) 234-6885
9                                        Facsimile (707) 463-4592

10   b.    To California River Watch:    Jerry Bernhaut, Esq.
                                         Law Office of Jack Silver
11                                       P.O. Box 5469
                                         Santa Rosa, CA 95402-5469
12                                       Telephone (707) 528-8175
13                                       Facsimile (707) 528-8675

14

15   27.   This Consent Decree and its terms shall inure to the benefit of and be binding upon each

16         of the Parties and each and all of their respective predecessors, successors, and assignees,

17         as though they were parties to this action.

18   28.    Each of the Parties have been fully advised by its attorney as to this Consent Decree and

19         all provisions contained within it and acknowledges that its signing of this Consent Decree

20         is based solely upon the written representations contained in this Consent Decree and not

21         based on any inducement, promise or representation not expressly stated in this Consent

22         Decree. Additionally, each of the Parties acknowledges, in signing this Consent Decree,

23         that it constitutes the full, complete, and entirety of the terms and conditions agreed to by

24         them in settling the dispute between them.

25   29.   In the event that either party brings an action to enforce its rights under this Consent

26         Decree, the relief the court is empowered to award is limited to injunctive relief to take

27   CV 13-1087 CRB
     [Proposed] Consent Decree and Order
28                                               9

1    action specified in this Consent Decree.

2    30.    This Consent Decree is made and entered into under the laws of the State of California and

3           the United States and shall be interpreted, governed and enforced pursuant to these laws.

4    31.    Should any provision of this Consent Decree be held invalid or illegal, such illegality shall

5           not invalidate the remainder of this Consent Decree. In that event, this Consent Decree

6           shall be construed as if it did not contain the invalid or illegal part, and the rights and

7           obligations of the Parties shall be construed and enforced accordingly.

8    32.    The Parties have mutually negotiated this Consent Decree and the doctrine of *contra*

9           *proferentum* does not apply.

10   33.    Each signatory of this Consent Decree signing on behalf of another, warrants that he or

11          she has the authority to sign on behalf of said person or entity and all persons covered by

12          this Consent Decree. This Consent Decree may be executed in counterparts with each

13          counterpart being interpreted as an original.

14   34.    This Consent Decree contains the entire agreement of the Parties and shall not be modified

15          by any prior oral or written agreement, representations or understanding. Prior drafts of

16          this Consent Decree shall not be used in any action involving the interpretation or

17          enforcement of this Consent Decree. This Consent Decree shall not be amended or

18          modified except by the written order of this Court. Any modification of this Consent

19          Decree by the Parties shall be in writing and approved by the Court before it will be

20          deemed effective.

21   35.    This Consent decree shall expire four (4) years after the date it is entered.

22

23                        **VIII.  RETENTION OF JURISDICTION**

24   36.    This Court shall retain jurisdiction to enforce the terms and conditions of this Consent

25          Decree and to resolve any disputes arising hereunder for a period of four (4) years from

26          its entry. After this four-year period has elapsed, the County's obligation to comply with

27   CV 13-1087 CRB

28   [Proposed] Consent Decree and Order

                                    10

1    the injunctive relief provided for herein shall terminate.

2

3    **IT IS SO AGREED AND STIPULATED:**

4    DATED: _1-6-14_                          COUNTY OF MENDOCINO

5

6                                              by _____

7                                              STEVE DUNICLIFF, Director
                                               Planning and Building Services

8    DATED: _1-3-14_                          COUNTY OF MENDOCINO

9

10                                             by _____

11                                             HOWARD DASHIELL, Director
                                               Department of Transportation

12

13   DATED: _1-2-14_                          COUNTY OF MENDOCINO

14

15                                             by _____

16                                             KRISTIN McMENOMEY, Director
                                               General Services Agency/Risk Manager

17

     Approved as to Form
18

19   DATED: _1-2-14_                          COUNTY OF MENDOCINO
                                               THOMAS R. PARKER, County Counsel
20

21                                             by _____

22                                             DOUGLAS L. LOSAK, Chief Deputy
                                               Attorneys for Defendant
23                                             County of Mendocino

24

25
     _/ / / /_
26

27   CV 13-1087 CRB
     [Proposed] Consent Decree and Order
28                                             11

1   DATED: *1-14-14*                         CALIFORNIA RIVER WATCH

2

3                                            by *Margaret Bacigalupi*

4                                            Margaret Bacigalupi, President

5   APPROVED AS TO FORM:

6   DATED: *1-9-14*                          LAW OFFICE OF JACK SILVER

7

8                                            by *Jerry Bernhaut*

9                                            Jerry Bernhaut
                                             Attorney for Plaintiff
10                                           California River Watch

11

12  IT IS SO ORDERED.

13      Dated and entered into this *11th* day of *March*, 2014.

14

15

16                                           UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27  CV 13-1087 CRB
    [Proposed] Consent Decree and Order
28                                              12